NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSMARA ELIZABETH CERDA-CASTILLO; OSMAR ADOLFO POTOSME-CERDA,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-431<br><br>Agency Nos. A220-584-148<br>A220-584-149<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 25, 2025[**]
Pasadena, California

Before: NGUYEN and MENDOZA, Circuit Judges, and KERNODLE, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jeremy D. Kernodle, United States District Judge for the Eastern District of Texas, sitting by designation.

1

Petitioner Osmara Cerda-Castillo is a citizen of Nicaragua. She petitions on behalf of herself and her child for review of a decision by the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") order denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

Where the BIA conducts a de novo review of an IJ's decision, our analysis is "'limited to the BIA's decision except to the extent that the IJ's opinion is expressly adopted [by the BIA].'" *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)) (alteration in original). We review the BIA's legal conclusions de novo and factual findings for substantial evidence. *Id.* "Substantial evidence review means that the BIA's determinations will be upheld" unless "'the evidence compels a contrary conclusion.'" *Id.* (quoting *Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010)).[1]

1. Petitioner failed to demonstrate that her treatment in Nicaragua amounted to persecution. Much of Petitioner's attempt to show persecution is made with reference to her father, who was beaten following a political

---

[1] Our case law is split as to whether a BIA finding of a lack of past persecution is reviewed de novo or for substantial evidence. *See, e.g.*, *Singh v. Garland*, 97 F.4th 597, 603 (9th Cir. 2024); *Flores Molina v. Garland*, 37 F.4th 626, 633 n.2, 640 (9th Cir. 2022); *Fon v. Garland*, 34 F.4th 810, 816–17, 19–20 (9th Cir. 2022). We find the petition should be denied under either standard.

demonstration. Her father's one-time beating cannot alone support a finding that Petitioner was persecuted. *See Sharma v. Garland*, 9 F.4th 1052, 1063–64 (9th Cir. 2021). Further, "harm to a petitioner's close relatives . . . must be part of a pattern of persecution closely tied to" the petitioner. *Id.* at 1062 (cleaned up). If there is any pattern of persecution in the record, it is "tied to" Petitioner's father rather than Petitioner.

Petitioner argues that the BIA erred by equating past persecution to violence, near-confrontations, and vandalism. Physical harm is not necessary nor sufficient for past persecution, though it supports a past persecution claim. *Aden v. Wilkinson*, 989 F.3d 1073, 1082–83 (9th Cir. 2021). The BIA noted the lack of violence in the record but it did not rest its decision wholly upon that fact and did not err in finding that the lack of violence tended to weigh against past persecution. *See Sharma*, 9 F.4th at 1061.

Instead of violence, Petitioner offers that authorities questioned her about her father after he went into hiding and left Nicaragua, and warned her not to get involved in the opposition party. To the extent these interactions could be considered threats, the threats are vague, and "'[m]ere threats, without more, do not necessarily compel a finding of past persecution.'" *Sharma*, 9 F.4th at 1062 (quoting *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021)) (alteration in original). Threats should be "'specific and combined with

3

confrontation or other mistreatment'" to support a persecution finding. *Id.* (quoting *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019)). Petitioner emphasizes that these experiences put her in fear and caused her emotional harm. While we are empathetic, "it is the conduct of the persecutor, not the subjective suffering from the perspective of the victim, that matters for purposes of determining what constitutes persecution." *Kaur v. Wilkinson*, 986 F.3d 1216, 1226 (9th Cir. 2021).

"'Persecution is an extreme concept,'" *id.* at 1222 (quoting *Guo v. Sessions*, 897 F.3d 1208, 1213 (9th Cir. 2018)), and does not include "'every sort of treatment our society regards as offensive,'" *Fon*, 34 F.4th at 813 (quoting *Ghaly v. I.N.S.*, 58 F.3d 1425, 1431 (9th Cir. 1995)). The record does not support past persecution, and the BIA had substantial evidence to find as much.

2.     Petitioner failed to demonstrate that she had a well-founded fear of persecution. Her proffered bases of fear are that she is the daughter of a political opponent of the party-in-power, the Sandinistas, who harmed her family; that the Sandinistas have a practice of targeting family members of political opponents; and that her past experience, even if not persecution, indicates that she may be harmed. To be well-founded, an asylee's "fear of persecution must be both subjectively genuine and objectively reasonable." *Sael v. Ashcroft*, 386 F.3d 922, 924 (9th Cir. 2004). Petitioner fails to show her fear was "objectively reasonable." *Id.*

4

While Petitioner's father had been beaten once, there is no indication in the record that other members of her family have suffered violence or were otherwise persecuted in Nicaragua, even after her father became a target of the authorities. *See Malty v. Ashcroft*, 381 F.3d 942, 948 (9th Cir. 2004) (treatment of family members relevant). Further, there is no indication that she suffered persecution upon return to Nicaragua after her first attempt to leave. *See Boer-Sedano v. Gonzales*, 418 F.3d 1082, 1091–92 (9th Cir. 2005) (treatment during return trips relevant). There is a demonstrated pattern of violence against political dissidents in Nicaragua, including against family members of political dissidents. *See Flores Molina*, 37 F.4th at 629–32. But Petitioner is not a member of an opposition party. The record does not indicate that the authorities think of her as a political dissident, only the daughter of one. She was present in Nicaragua for years after her father's beating and did not suffer persecution. And, those incidents in the record where family members of political opponents were targeted tend to suggest targeting family is a method the Sandinistas use against relatively high-profile people. Petitioner does not indicate her father is a journalist or an opposition leader, or that he continues to act as an activist in Nicaragua. Therefore, she is not "'similarly situated'" to those she offers as examples. *Sael*, 386 F.3d at 925 (quoting *Knezevic v. Ashcroft*, 367 F.3d 1206, 1212 (9th Cir. 2004)). Remaining concerns of

conditions in Nicaragua are insufficient to sustain her showing. *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010).

3.      Petitioner failed to demonstrate a particularized risk of future torture. "Torture is an extreme form of cruel and inhuman treatment." *Colin-Villavicencio v. Garland*, 108 F.4th 1103, 1115 (9th Cir. 2024) (quoting 8 C.F.R. § 1208.18(a)(2)). The record contains evidence that the Sandinista regime uses torture as a method of political repression. But for largely the same reasons that Petitioner fails to establish a well-founded fear of persecution, she fails to show a particularized risk that she will be tortured. *See id.*

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal shall remain in place until the mandate issues. The motion to stay removal, Dkt. 13, is otherwise denied.